No. 24-1348

---

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**RYAN J. PAUL,**

**Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION,**

**Respondent.**

---

**Petition for Review of an Order of the Federal Aviation Administration**

---

## JOINT APPENDIX

---

Stephanie Spanja, Bar No. 62342
*Stephanie.Spanja@alpa.org*
Antonia Bird, Bar No. 65666
*Antonia.Bird@alpa.org*
AIR LINE PILOTS ASSOCIATION,
  INTERNATIONAL
Legal Department
7950 Jones Branch Drive, Suite 400S
McLean, VA 22102
(703) 481-2475
(703) 481-2478 fax

*Counsel for Petitioner*

March 12, 2025

## TABLE OF CONTENTS

Page

Federal Aviation Administration Certified Index of Record..................................A 1

Relevant record materials from Federal Aviation Administration:

**Item 1**: Copy of FAA Enforcement Investigative Report ("EIR") re: Ryan J. Paul

- Sec. A- FAA Summary Data & EIR Findings ........................................... A-5

- Sec. B- Factual Summary of Investigation & Investigator's Opinions ...... A-9

- IOP #1 Report of DOT/FAA Related Drug/Alcohol Refusal .................. A-19

- IOP #4 FAA Letter of Investigation, dated April 5, 2024; Privacy Act Notice; and FedEx delivery confirmation ................................................. A-21

- IOP #5 PAUL's resume, employment application, and "A320 Initial Type Rating" certificate submitted to Amerijet on July 16, 2022 ............ A-29

- IOP #14 Email correspondence, from April 2-9, 2024, between Crew Scheduling, Deborah De La Torre, Human Resources (HR) Specialist for Amerijet, and PAUL ............................................................................ A-41

- IOP #21 Letter, dated April 9, 2024, to provide PAUL with a Substance Abuse Professional referral; and copy of certified mailing with signature confirmation required ....................................................... A-48

- IOP #22 Email, dated April 16, 2024, from Michael Dworkin, Attorney for PAUL; and letter, dated April 19, 2024, "Re: Ryan J. Paul, Your File No. 2024WA910284." ...................................................... A-52

- IOP #24 Email, dated June 3, 2024, from PAUL; PAUL's statement; "Vietnam Passport Stamps;" "1st sick notification to Dispatch – 11:03 am Miami time / 22:03 Hanoi time;" and "Example of a past Dec 2023 sick call requested via email by AJT Scheduling." ......................... A-59

**Item 2**: Letter of No Action from Lacey Jones, FAA Drug Abatement 186-187 Division, to Ryan J. Paul dated August 27, 2024 – underlying decision from which petition for review arises ....................................... A-66

**Item 3**: Correspondence between Stephanie Spanja, counsel for Petitioner and Lacey Jones, FAA Drug Abatement Division, October 23-24, 2024

- Email from Stephanie Spanja to Lacey Jones dated October 23, 2024.... A-67

- Attachment to Email from Stephanie Spanja to Lacey Jones, dated October 23, 2024 – Letter from Stephanie Spanja to Lacey Jones re: Letter of No Action to Ryan J. Paul dated August 27, 2024, with attached documentation ........................................................................... A-68

- Email from Lacey Jones to Stephanie Spanja dated October 24, 2024.... A-76

<u>Paul v. FAA</u>, No. 24-1348

FEDERAL AVIATION ADMINISTRATION
INDEX OF RECORD

<u>RECORD ITEM</u>                                    <u>PAGES</u>

---

1.  Copy of FAA Enforcement Investigative Report ("EIR") re:         1-185
    Ryan J. Paul

    a.  EIR Section A – FAA Summary Data & EIR Findings               4-7

    b.  EIR Section B – Factual Summary of Investigation             8-17
        and Investigator's Opinions

    c.  EIR Section C – Items of Proof ("IOP")                       18-185

        i.   IOP #1 – "Report of DOT/FAA-                            23-24
             Related Drug/Alcohol Refusal"

        ii.  IOP #2 – Airman Information Reports for Ryan J.         25-43
             Paul

        iii. IOP #3 – Operations Specification Paragraphs A001       44-48
             and A449 for Amerijet International, Inc. (Amerijet)

        iv.  IOP #4 – FAA Letter of Investigation, dated April 5,    49-56
             2024; Privacy Act Notice; and FedEx delivery
             confirmation

        v.   IOP #5 – PAUL's resume, employment application,         57-68
             and "A320 Initial Type Rating" certificate submitted
             to Amerijet on July 16, 2022

        vi.  IOP #6 – Amerijet's tentative job offer for 757/767     69-74
             First Officer and PAUL's acceptance on August 15,
             2022; and "757/767 First Officer" job description

        vii. IOP #7 – Amerijet's General Operations Manual,          75-108
             Chapter 1.500, "General Policies – Amerijet Drug and
             Alcohol Policy;" "Drug Policy Content;" and "Summary"
             of the Alcohol Misuse Prevention Program

viii.   IOP #8 – "Zero Tolerance Drug & Alcohol Policy    109-113
        Acknowledgement;" "Drug Policy Content
        Acknowledgement," "Alcohol Misuse Prevention Policy
        Acknowledgement," and "Amerijet Pre-Employment
        Question" form completed by PAUL

ix.     IOP #9 – "Specimen Result Certificate" for PAUL's    114-115
        pre-employment drug test on August 25, 2022

x.      IOP #10 – "Authorization for Release of DOT Drug    116-119
        and Alcohol Testing Records" forms submitted by
        PAUL for Star Marianas Air, Grant Aviation, and
        Empire Airlines

xi.     IOP #11 – "New Hire Form;" "757/767 First Officer"    120-124
        job description; and company badge for PAUL.

xii.    IOP #12 – "Description of Random Alcohol and    125-129
        Testing Process;" "D.R.S. Random List for
        AMERIJET INTERNATIONAL - FAA;" and
        "Random Employee Selection - AMERIJET
        INTERNATIONAL - FAA," dated January 9, 2024

xiii.   IOP #13 – Statements and investigative summary    130-135
        from Richard Carpenter, Director of Flight
        Training/Designated Employer Representative for
        Amerijet

xiv.    IOP #14 – Email correspondence, from April 2-9, 2024,    136-142
        between Crew Scheduling, Deborah De La Torre,
        Human Resources (HR) Specialist for Amerijet, and
        PAUL

xv.     IOP #15 – Record of Interview for Captain Edward    143-150
        Hesler, former Chief Pilot for Amerijet; "Ryan Paul
        Communications Timeline with Edward Hesler;"
        and "ePassport Test Scheduling Document"

xvi.    IOP #16 – Statement of Authenticity; and    151-153
        placeholder for "2024040211115159_4784_(904)568-
        8401)_Incoming_Auto_2252240165034" recording[1]

---

[1] IOP #16 is an audio file that is part of the record and can be referenced by its placeholder page in the record at Page 153.

xvii.   IOP #17 – Statements from De La Torre and                154-156
        Lourdes Esterripa, HR Business Partner – Flight
        Operations for Amerijet

xviii.  IOP #18 – Email, dated, April 3, 2024, from            157-158
        Concentra Medical Center, located in
        Tukwila, WA

xix.    IOP #19 – Email, dated April 8, 2024, from             159-161
        Esterripa, providing phone call and text
        messaging attempts to PAUL

xx.     IOP #20 – "Personnel Action Form," dated April 9,      162-163
        2024, show PAUL's employment discharge

xxi.    IOP #21 – Letter, dated April 9, 2024, to provide      164-167
        PAUL with a Substance Abuse Professional
        referral; and copy of certified mailing with
        signature confirmation required

xxii.   IOP #22 – Email, dated April 16, 2024, from Michael    168-174
        Dworkin, Attorney for PAUL; and letter, dated April
        19, 2024, "Re: Ryan J. Paul, Your File No.
        2024WA910284."

xxiii.  IOP #23 – Email, dated April 26, 2024, from Erin       175-177
        Shields, Senior Labor Relations Counsel for Air Line
        Pilots Association, International, regarding PAUL;
        and Investigator's Statement

xxiv.   IOP #24 – Email, dated June 3, 2024, from PAUL;        178-184
        PAUL's statement; "Vietnam Passport Stamps;"
        "1st sick notification to Dispatch – 11:03 am Miami
        time / 22:03 Hanoi time;" and "Example of a past
        Dec 2023 sick call requested via email by AJT
        Scheduling"

2.   Letter of No Action from Lacey Jones, FAA Drug Abatement    186-187
     Division, to Ryan J. Paul dated August 27, 2024 – underlying
     decision from which petition for review arises

3. Correspondence between Stephanie Spanja, counsel for     188-198
   Petitioner and Lacey Jones, FAA Drug Abatement
   Division, October 23-24, 2024

   a. Email from Stephanie Spanja to Lacey Jones dated     188
      October 23, 2024

   b. Attachment to Email from Stephanie Spanja to     189-196
      Lacey Jones, dated October 23, 2024 – Letter from
      Stephanie Spanja to Lacey Jones re: Letter of No Action
      to Ryan J. Paul dated August 27, 2024, with attached
      documentation

   c. Email from Lacey Jones to Stephanie Spanja dated     197-198
      October 24, 2024

# SECTION A

RIS: FO 2150-1

| ENFORCEMENT INVESTIGATIVE REPORT (Read Order 2150.3 for instructions) | Report Number 2024WA910284 | Related Number |
|---|---|---|

### ALLEGED VIOLATOR IDENTIFICATION

| 1. Name    PAUL, RYAN JASON | |
|---|---|
| DBA Name | 2. Address (Include zip code) |
| Designator | ███████████████ |
| | SEATTLE    WA    98109-6022 |
| | UNITED STATES OF AMERICA |

| TELEPHONE NUMBER | 3. DATE OF BIRTH 1975/███ | 4. SEX M |
|---|---|---|

| 5. FAA Cert. # 3949120 | 6. FAA Certificate Type AIRLINE TRANSPORT PILOT | Business Concern INDIVIDUAL |
|---|---|---|

| 7. Aviation Employer    AMERIJET INTERNATIONAL, INC |
|---|

### AIRCRAFT, ENGINE, PROPELLER, COMPONENT OR APPLIANCE INVOLVED

| 8. MAKE | 9. MODEL | 10. IDENT. NUMBER |
|---|---|---|
| | | ACFT SN |
| 11. Owner Name | | 12. Address (Include zip code) |

### ALLEGED VIOLATION

| 13. Date Occurred 2024/04/02 | 14. Time | 15. Date Known to FAA 2024/04/04 | 16. Region of Discovery WA |
|---|---|---|---|
| 17. Location | | | Sec Cat |
| | Airport ID | | |

| 18. Regulations Believed Violated |
|---|

# Deliberative Process Material

**A-6**

RIS: FO 2150-1

| ENFORCEMENT INVESTIGATIVE REPORT (Read Order 2150.3 for instructions) | | | Report Number 2024WA910284 | Related Number |
|---|---|---|---|---|
| **18. Regulations Believed Violated (Continued)** | | | | |
| Remarks: | | | | |
| RELATED DATA | | | | |
| **19. Type** | **20. Sub Type** | **21. Category** | **22. Source** | **23. Accident Assoc.** |
| 99 | 32 | 22 | 33 | 00 |
| **24. Security Program** | | | | |
| INVESTIGATING FIELD OFFICE RECOMMENDATION | | | | |
| **25. Type Action** | | | **26. Sanction** | |
| Deliberative Process Material | | | Deliberative Process Material | |
| Reporting Inspector (Typed name) | | | BARNES, REGINALD          CASID | |
| **27. Date** | **28. Investigating office** | | Chief (Typed name and signature) | |
| 2024/05/31 | WA91 | | LACEY JONES          LACEY N JONES  Digitally signed by LACEY N JONES  Date: 2024.06.18 10:34:14 -04'00' | |

RIS: FO 2150-1

| ENFORCEMENT INVESTIGATIVE REPORT (Read Order 2150.3 for instructions) | Report Number 2024WA910284 | Related Number |
|---|---|---|

**REGIONAL DIVISION REVIEW**

| 29. Regulations Believed Violated | 30. Recommended Type Action |
|---|---|
| Deliberative Process Material | Deliberative Process Material |
| | 31. Recommended Sanction |
| | Deliberative Process Material |

Remarks:

| 32. Date | 2024/06/18 | 33. Region | WA |
|---|---|---|---|

| Typed Name/Title/Signature of Approving Official | LACEY JONES MANAGER | LACEY N JONES | Digitally signed by LACEY N JONES Date: 2024.06.18 10:35:23 -04'00' |
|---|---|---|---|

FAA Form 2150-5A (4-80)
Supersedes FAA Forms 1650-5, 5200-5, 8030-1 and 8030-2

FOR OFFICIAL USE ONLY

A-8

# SECTION B

**Case Number: 2024WA910284**

**I. Statement of Basis for Legal Enforcement Action**

<span style="color:red">Deliberative Process Material</span>

**II. Statement of Case**

On April 4, 2024, the Federal Aviation Administration (FAA) Drug Abatement Division received notification from Richard Carpenter, Director of Flight Training/Designated Employer Representative (DER) for Amerijet International, Inc. (hereafter referred to as Amerijet), that Ryan J. PAUL refused to submit to a Department of Transportation/FAA random drug test directed by Amerijet on April 2, 2024. **(IOP 1)**

PAUL is an airline transport pilot (certificate 3949120), and an airman medical certificate holder. **(IOP 2)**

Amerijet is a part 119 certificate holder authorized to operate under part 121 (PCSA059B). Amerijet has an Anti-Drug and Alcohol Misuse Prevention Program A449. **(IOP 3)**

Based on this information, the FAA sent PAUL a Letter of Investigation (LOI), via FedEx, dated April 5, 2024. FedEx delivered the LOI on April 10, 2024. **(IOP 4)**

**67.101 Eligibility:**

"To be eligible for a first-class airman medical certificate, and to remain eligible for a first-class airman medical certificate, a person must meet the requirements of this subpart."

**According to 14 CFR § 67.107(b)(2):**

"(b) No substance abuse within the preceding 2 years as defined as:

(2) A verified positive drug test, an alcohol test of 0.04 or greater alcohol concentration, or a refusal to submit to a drug or alcohol test required by the U.S. Department of Transportation or an agency of the U.S. Department of Transportation;"

**67.201 Eligibility:**

"To be eligible for a second-class airman medical certificate, and to remain eligible for a second-class airman medical certificate, a person must meet the requirements of this subpart."

**According to 14 CFR § 67.207(b)(2):**

"(b) No substance abuse within the preceding 2 years as defined as:

(2) A verified positive drug test, an alcohol test of 0.04 or greater alcohol concentration, or a refusal to submit to a drug or alcohol test required by the U.S. Department of Transportation or an agency of the U.S. Department of Transportation;"

**67.301 Eligibility:**

"To be eligible for a third-class airman medical certificate, or to remain eligible for a third-class airman medical certificate, a person must meet the requirements of this subpart."

**According to 14 CFR § 67.307(b)(2):**

"(b) No substance abuse within the preceding 2 years as defined as:

(2) A verified positive drug test result, an alcohol test result of 0.04 or greater alcohol concentration, or a refusal to submit to a drug or alcohol test required by the U.S. Department of Transportation or an agency of the U.S. Department of Transportation;"

**According to 14 CFR § 120.11 (a) and (b)(1)(2):**

"Refusal to submit to a drug or alcohol test by a part 61 certificate holder.

(a) This section applies to all individuals who hold a certificate under part 61 of this chapter and who are subject to drug and alcohol testing under this part.

(b) Refusal by the holder of a certificate issued under 61 of this chapter to take a drug or alcohol test required under the provision of this part is grounds for:

(1) Denial of an application for any certificate, rating, or authorization issued under part 61 of this chapter for a period of up to 1 year after the date of such refusal; and

(2) Suspension of revocation of any certificate, rating, or authorization issued under part 6 of this chapter."

**According to 49 CFR § 40.191(a)(1):**

"(a) As an employee, you have refused to take a drug test if you:

**A-11**

(1) Fail to appear for any test (except pre-employment) within a reasonable time, as determined by the employer, consistent with applicable DOT agency regulations, after being directed to do so by the employer. This includes failure of the employee (including an owner-operator) to appear for a test when called by a C/TPA (see § 40.61 (a));"

Deliberative Process Material

On July 16, 2022, PAUL applied for a safety-sensitive position at Amerijet by submitting his resume and "A320 Initial Type Rating" certificate and completing an Amerijet employment application. **(IOP 5)**

On August 15, 2022, Amerijet tentatively offered employment to PAUL as a "757/767 First Officer." PAUL accepted the offer the same day. **(IOP 6)**

On August 22, 2022, PAUL signed and acknowledged understanding of Amerijet's drug zero tolerance policy, drug policy content, and alcohol misuse prevention policy, and completed the "Amerijet Pre-Employment Question" form. **(IOP 7 & 8)**

On August 25, 2022, PAUL submitted to a pre-employment drug test. Dr. Brian Henein, Medical Review Officer (MRO) for Amerijet, verified the result as negative on August 26, 2022. **(IOP 9)**

On September 13, 2022, PAUL completed an "Authorization for Release of DOT Drug and Alcohol Testing Records" for Star Marianas Air. PAUL completed the same forms for Grant Aviation and Empire Airlines on September 19, 2022. **(IOP 10)**

On September 19, 2022, Amerijet hired PAUL as a 757/767 First Officer. Airport Medical Solutions (hereafter referred to as AMS), service agent for Amerijet, included PAUL in Amerijet's random testing eligibility pool. **(IOP 11 & 12)**

On January 9, 2024, PAUL's name appeared on the "Random Employee Selection," showing that PAUL had been selected for a random drug test. **(IOP 12)**

On April 2, 2024, at 10:43 AM (local), Deborah De La Torre, Human Resources (HR) Specialist for Amerijet, notified Crew Scheduling, via email, to activate PAUL for duty and to inform PAUL of his selection for random testing. **(IOP 13-15)**

On April 2, 2024, at 11:55 AM (local), Ricky Castello, employee in Crew Scheduling, notified PAUL, via email, that he was activated and selected for random testing. Crew Scheduling also made two attempts, via phone, to contact PAUL. **(IOP 13-15)**

On April 2, 2024, at 22:03 (10:33 PM local to wherever PAUL when he responded), PAUL informed Crew Scheduling that he had a weak phone signal, was feeling "under the weather at the moment," was not receiving Crew Scheduling's calls on his end, and requested an email or voice message from Crew Scheduling. **(IOP 13-15)**

On April 2, 2024, at 12:05 PM (local), Elvin Velasquez, Manager of Crew Scheduling for Amerijet, advised PAUL that no requests for being out sick can be made via email, and that PAUL needed to call directly and contact Crew Scheduling. **(IOP 13-15)**

On April 2, 2024, at approximately 12:00 PM (local), when PAUL called Crew Scheduling, Captain Edward Hesler, Chief Pilot for Amerijet, was present and given the phone to speak with PAUL: **(IOP 13, 15 & 16)**

- Captain Hesler advised PAUL: "I have verbal communication with you. You are now assigned a drug test. You have one hour to complete it. We are sending you over the details now. Do you understand?"
- PAUL responded, "Edward, I have a drug test?"
- Captain Hesler stated, "You have been assigned a drug test. Did I not make that clear? If failure to take this drug test within one hour, forfeiture is grounds for termination. We are sending it you now. You have been notified and this is a recorded line."
- Paul responded, "Okay, I understand."

On April 2, 2024, at approximately 2:00 PM (local), Andrew Molbert, Master Executive Council Chairman for Air Line Pilots Association, International, called and informed Captain Hesler that PAUL would not show for the assigned random drug test. **(IOP 13 & 15)**

On April 2, 2024, at approximately 3:30 PM (local), Molbert called Captain Hesler again and merged PAUL into the phone conversation. Lourdes Esterripa, HR Business Partner – Flight Operations for Amerijet, and De La Torre witnessed the conversation. PAUL admitted that he (PAUL) went on vacation to Viet Nam instead of being at his residence during his assigned reserve duty. **(IOP 13, 15 & 17)**

On April 3, 2024, at 10:39 AM (local), Concentra Medical Center, located in Tukwila, WA, notified De La Torre that PAUL did not report and submit to a random drug test. **(IOP 13, 15 & 18)**

From April 4-5, 2024, both Captain Hesler and Esterripa sent several text messages to PAUL to find out whether PAUL had returned to Seattle, WA and was available to meet with Captain Hesler. On April 5, 2024, at approximately 1:25 AM (local), PAUL responded to and informed Captain Hesler that he (PAUL) was not back in Seattle yet. **(IOP 13, 15 & 19)**

On April 9, 2024, Amerijet terminated PAUL's employment, and Captain Hesler provided PAUL with Substance Abuse Professional (SAP) information. **(IOP 13, 20 & 21)**

On April 16, 2024, Michael Dworkin, Attorney for PAUL, contacted the FAA Drug Abatement Division to confirm he received the LOI. Dworkin provided a statement, on behalf of PAUL, on April 19, 2024. **(IOP 22)**

On April 26, 2024, Erin Shields, Senior Labor Relations Counsel for Air Line Pilots Association, International (hereafter referred to as ALPA), contacted the FAA Drug Abatement Division to request an extension for PAUL's response, stating PAUL received the LOI, on April 19, 2024, and was out of the country. Jack Lanahan, Senior Labor Relations Counsel for ALPA, contacted the FAA, on April 29, 2024, and related that Dworkin would handle PAUL's case. **(IOP 23)**

On June 3, 2024, PAUL submitted his own statement and supporting documentation. **(IOP 24)**

As of June 6, 2024, PAUL has not completed the SAP and return-to-duty processes as required by regulatory guidelines (49 CFR Part 40 Section 40.305).

**A-14**

### III. Factors Affecting Sanction



Deliberative Process Material

IV. Other Information

Deliberative Process Material

Deliberative Process Material





Deliberative Process Material

# IOP 1

## REPORT OF DOT/FAA-RELATED DRUG/ALCOHOL REFUSAL:
## 14 CFR PART 61/63/65 CERTIFICATE HOLDER

In compliance with the provisions of 14 CFR Part 120, I am notifying you of a refusal to submit to Department of Transportation drug and/or alcohol testing by the following individual.

Company Name: Amerijet International, Inc.

Employee Name: Ryan Paul

Position or Position Applied For: B767 First Officer

Employee Social Security Number: ███-██-9419

Date of Birth: ██████1975

Type of Test:

- ☐ Pre-Employment
- ☒ Random
- ☐ Post-Accident
- ☐ Reasonable Cause (Drug)
- ☐ Reasonable Suspicion (Alcohol)
- ☐ Return-to-Duty
- ☐ Follow-Up

Date of Refusal: 4/2/2024    ▶    Type of : ✓    ☒ Drug    ☐ Alcohol    ☐ Both

Circumstances:    ☐ Adulteration    ☐ Substitution    ☐ Shy Bladder    ☒ Other: Failure to arrive at the collection site.

I have enclosed the following:

- ☐ Federal Drug Testing Custody and Control Form (CCF)
- ☐ Federal Alcohol Testing Form (ATF)
- ☒ Supporting statements and/or documentation

| Richard Carpenter | Digitally signed by Richard Carpenter Date: 2024.04.04 08:55:01 -04'00' | 4/2/2024 |
|---|---|---|
| Signature of Notifying Individual | | Date |
| Richard S. Carpenter | DER - Amerijet | ☎ 954-608-8804 |
| Printed Name | Title | Telephone Number |

Please submit this form to the FAA's Drug Abatement Division, Special Investigations Branch:

Email to aam830@faa.gov    OR    Fax to (202) 267-5200

For more information on the FAA drug and alcohol testing program, please visit:
http://www.faa.gov/go/drugabatement

# IOP 4



**U.S. Department
of Transportation**

**Federal Aviation
Administration**

Aviation Safety

Drug Abatement Division
Special Investigations Branch
aam830@faa.gov

April 5, 2024

**Via FedEx**

File Number:  2024WA910284

Ryan J. Paul

█████████████████

Seattle, WA 98109-6022

Dear Mr. Paul:

We are investigating information indicating you refused to submit to a Department of Transportation (DOT)/Federal Aviation Administration (FAA) random drug test directed by Amerijet International, Inc. on April 2, 2024.

This letter is to inform you that this incident is under investigation by the FAA. In accordance with the Pilot's Bill of Rights, we are informing you that:

(1) The nature of this investigation is to determine whether you refused to submit to a DOT/FAA random drug test as reported to us and described above, and if so, what, if any, enforcement action should be taken.

(2) Oral or written response to this Letter of Investigation is not required, and no action can be taken or adverse inference made against you for declining to respond to this Letter of Investigation.

(3) Any response by you to this Letter of Investigation or to an inquiry made by a representative of the FAA Administrator in connection with this investigation may be used as evidence against you.

(4) If this investigation results in a legal enforcement action against your airman certificate, the releasable portions of the Administrator's investigative report will be made available to you upon your written request addressed to the FAA's legal counsel handling the enforcement action.

(5) If applicable to the matter for which are under investigation, you are entitled to access air traffic data in the possession of the FAA that would facilitate your ability to productively participate in a proceeding relating to this investigation. You are also entitled to obtain air traffic data in the possession of a government contractor providing operational services to the FAA (e.g., contract control towers and flight service stations) provided that you submit a request to the Administrator that describes the facility at which such information is located and you identify the date on which such information was generated. During this investigation, you may submit your request to access or obtain air traffic data as

described in this notification by contacting me at the address and telephone number noted in this letter. Because air traffic data is routinely destroyed or disposed of in the ordinary course of business, it is important that you submit your request for such data as soon as possible.

Please be advised that you may be preliminarily eligible to settle your case under the FAA's Prompt Settlement Policy, as published in 83 Federal Register 34040 on July 19, 2018. A copy of the Policy and guidance is available at www.faa.gov/go/psp. If you wish to settle your case under the policy, you must notify the FAA in writing at 9-FAA-Promptsettlement@faa.gov within 10 days of receipt of this letter.

If you choose not to enter into a prompt settlement with the FAA and you want to provide a written statement and evidence in response to our investigation, contact me at (202) 267-8921 or provide your response within 10 days of receipt of this letter to this e-mail address:

aam830@faa.gov

If we do not hear from you within the specified time, we will process our report without the benefit of your statement.

Sincerely,

REGINALD LYNN BARNES   Digitally signed by REGINALD LYNN BARNES
Date: 2024.04.05 09:30:10 -04'00'

Reginald L. Barnes
Aviation Safety
Investigator, Special Investigations Branch
Drug Abatement Division

Enclosure:  Privacy Act Notice

## PRIVACY ACT NOTICE

This Notice is provided in accordance with Section (e)(3) of the Privacy Act, 5 U.S.C. Section 552a(e)(3), and concerns the information requested in the letter or form with which this Notice is enclosed.

A.        Authority:  This information is solicited pursuant to the Federal Aviation Administration's governing statute, 49 U.S.C. Section 40101, et seq., and regulations issued there under codified in Part 13 of Title 14 of the code of Federal Regulations.  Submission of information is voluntary.  The request for information is intended to provide you with an opportunity to participate in the investigation.

B.        Principal purpose:  The requested information will be used to help determine whether or not there has been a violation of the Federal Aviation Regulations, and if so, what, if any, enforcement action should be taken.

C.        Routine uses:  Records from this system of records may be disclosed in accordance with the routine uses as they appear in System of Records No. DOT/FAA 847 as published from time to time in the Federal Register.

D.        Effect of failure to respond:  The FAA cannot impose any penalties upon you in the event that you fail to respond to this enforcement investigation letter.  Failure to supply the requested information, however, will result in enforcement determinations without the benefit of your comments on the alleged incident.

**A-24**

 **FedEx.**

FedEx® Tracking

 **SHOPRUNNER** by **FedEx.**
Search products from your favorite brands all in one place.  **SHOP NOW**

**DELIVERED**

# Wednesday
4/10/24 at 11:45 AM

Your package was released as requested and safely delivered.

Signed for by: Signature not required

⤓ **Obtain proof of delivery**

**DELIVERY STATUS**
Delivered ✅

🔍 **Report missing package**

**TRACKING ID**
775843174739 ✏️ ☆

**FROM**
WASHINGTON, DC US
*Label Created*
4/5/24 4:54 PM

HERNDON, VA
4/8/24 7:46 PM

**ON THE WAY**
SEATTLE, WA
4/10/24 8:12 AM

**OUT FOR DELIVERY**
SEATTLE, WA
4/10/24 8:37 AM

 **DELIVERED**
SEATTLE, WA US
*Delivered*
4/10/24 at 11:45 AM

↓ **View travel history**

Want updates on this shipment? Enter your email and we will do the rest!

| YOUR EMAIL | SUBMIT |
|---|---|

**FedEx.**

## Shipment facts  ⌃

### 📦 Shipment overview

**TRACKING NUMBER**   775843174739

**DELIVERED TO**   Residence

**SHIP DATE** ⑦   4/8/24

**STANDARD TRANSIT** ⑦   4/9/24 before 12:00 PM

**DELIVERED**   4/10/24 at 11:45 AM

### 🚚 Services

**SERVICE**   FedEx Priority Overnight

**TERMS**   Shipper

**SPECIAL HANDLING SECTION**   Deliver Weekday, Residential Delivery

### 📦 Package details

**WEIGHT**   0.5 lbs / 0.23 kgs

**TOTAL PIECES**   1

**TOTAL SHIPMENT WEIGHT**   0.5 lbs / 0.23 kgs

**PACKAGING**   FedEx Envelope

↑ Back to to

## Travel history  ⌃

Ascending  ⌄

Local Scan Time  ⌄



- 4:54 PM
**Shipment information sent to FedEx**

Monday, 4/8/24

- 7:46 PM
**Picked up**
HERNDON, VA

- 8:11 PM
**Shipment arriving On-Time**
HERNDON, VA

- 9:02 PM
**Left FedEx origin facility**
HERNDON, VA

Tuesday, 4/9/24

- 12:19 AM
**Arrived at FedEx hub**
MEMPHIS, TN

- 4:30 PM
**Departed FedEx hub**
MEMPHIS, TN

- 5:41 PM
**Delay**
Package delayed
MEMPHIS, TN

- 6:47 PM
**At destination sort facility**
SEATTLE, WA

Wednesday, 4/10/24

- 8:12 AM
**At local FedEx facility**
SEATTLE, WA

- 8:37 AM
**On FedEx vehicle for delivery**
SEATTLE, WA

- ⊘ 11:45 AM
**Delivered**
SEATTLE, WA

↑ Back to to

**OUR COMPANY**

About FedEx

Our Portfolio

Investor Relations

**A-27**



Corporate Responsibility

Newsroom

Contact Us

**MORE FROM FEDEX**

FedEx Compatible

FedEx Developer Portal

FedEx Logistics

ShopRunner

**LANGUAGE**

United States

**FOLLOW FEDEX**

© FedEx 1995-2024

Site Map   |   Terms of Use   |   Privacy & Security

# IOP 5

# Ryan J. Paul

Seattle, WA 98109
ryan.paul.ca@gmail.com
(904) 568-8401

| | | |
|---|---|---|
| **OBJECTIVE** | To obtain employment as an AmeriJet First Officer | |

**FLIGHT EXPERIENCE**

*Training qualifications:*
Airline Career Pilot Program at ATP flight school
ATP certificate MEL/SEL
Instrument add-on
FCC Restricted Radiotelephone Operators Permit
A320 type rating

*Flight Times:*

| | |
|---|---|
| Total Time | 2,514 |
| Turbine PIC | 1,303 |
| Actual IMC | 437 |
| Night | 108 |
| A320 class D sim | 43 |

**WORK EXPERIENCE**

**EMPIRE AIRLINES**                                                   Seattle, WA
**C208B FedEx Feeder Cargo Pilot**                      Nov 2019 - Nov 2021
* Part 135 Transportation of cargo within local FedEx network
* Experience flying hard IFR in icing conditions at low-level in mountainous terrain
* 829 turbine hours in C208B Cessna Caravan

**GRANT AVIATION**                                                   Bethel, AK
**C208B and GA8 Bush Pilot**                                Oct 2018 - Nov 2019
* Part 135 Transportation of cargo and passengers to remote villages in Western Alaska
* Experience flying IMC in icing and landing on frozen/muddy/narrow dirt strips
* Mentored new pilots
* 474 turbine hours in C208B Cessna Caravan
* 140 hours in GA8 Airvan

**STAR MARIANAS AIR**                                          Saipan, CNMI
**Island Tour Pilot**                                               Aug 2017 - Oct 2018
* Aerial sightseeing tour pilot
* FO for Navajo Chieftain flights to Rota and Guam

**FEDEX**                                                                  San Diego, CA
**Account Executive**                                           Jul 2015 – Aug 2017
* Account Management provided to executive officers of large manufacturing companies
* Presidents Club 2 years in a row (the highest award for sales performance)
* Ranked #2 in sales performance out of hundreds of executives in the company nationwide

**EDUCATION**

UNIVERSITY of NORTH FLORIDA                      Jacksonville, FL
**Bachelor of Science in Health Science**        Dec 2000
* Graduated Magna Cum Laude
* Took full course load in college, was enrolled in flight school, bartended full-time at night, and played professional soccer -- all simultaneously. Time management skills and academic aptitude allowed me to still graduate with honors and a 3.8 GPA despite a packed and difficult schedule.

**ACHIEVEMENTS**
* Selected to fly F-15s for the Air National Guard
* 98% Test Average for Private, Instrument, Commercial, ATP, and Instructor FAA written exams
* Distinguished Graduate: Squadron Leadership School (CAP/Air Force) – Class March '09
* Scored the highest possible score on aptitude exam for USAF Fighter Pilots (PCSM score: 99)
* Professional athlete in 2 sports (beach volleyball and soccer)
* Team captain of multiple soccer teams at the Olympic and Professional levels

**ACTIVITIES**
* Volunteer for the Civil Air Patrol (Air Force Officer, 2Lt)
* Volunteer for the Humane Society (rehabilitating abused animals)
* Avid outdoorsman (snowboarding, hiking, camping, walking, climbing, and biking)

# RYAN PAUL

1-904-5688401

## APPLICATION INFORMATION

REQUISITION NUMBER - 1378
DATE APPLIED - 16 Jul 2022
SOURCE - Career Center

JOB TITLE - 757/767 First Officer
RECRUITER - Taghreed Ajel
HIRING MANAGER - Carlton Hesler

## PERSONAL INFORMATION

EMAIL - ryan.paul.ca@gmail.com
HOME PHONE - 1-904-5688401
PERSONAL MOBILE - 1-904-5688401
DESIRED SALARY - USD 93 Hourly

ADDRESS

▓▓▓▓▓▓▓▓▓▓▓▓

Apt 609, Seattle, WA - Washington,
98109, King County, UNITED STATES

VOLUNTARY SELF-IDENTIFICATION INFORMATION - On file

## EDUCATIONAL BACKGROUND
*(Unsaved Data : Information shown here is parsed from resume.)*

**Bachelor of Science in Health Science**
UNIVERSITY of NORTH FLORIDA
Major - Health Science
Minor -

**Completed on 12/01/2000**

flight school
Major - management
Minor -

## EMPLOYMENT HISTORY

*(Unsaved Data : Information shown here is parsed from resume.)*

**EMPIRE AIRLINES**                                        **11/01/2019 - 11/01/2021**
C208B FedEx Feeder Cargo Pilot
Seattle WA
OK to contact this employer? -

**RESPONSIBILITIES**
- Part 135 Transportation of cargo within local FedEx network
- Experience flying hard IFR in icing conditions at low-level in mountainous terrain
- 829 turbine hours in C208B Cessna Caravan

**GRANT AVIATION**                                         **10/01/2018 - 11/01/2019**
Bethel AK
OK to contact this employer? -

**RESPONSIBILITIES**
- Part 135 Transportation of cargo and passengers to remote villages in Western Alaska
- Experience flying IMC in icing and landing on frozen/muddy/narrow dirt strips
- Mentored new pilots
- 474 turbine hours in C208B Cessna Caravan
- 140 hours in GA8 Airvan

**STAR MARIANAS AIR**                                      **08/01/2017 - 10/01/2018**
Island Tour Pilot
Saipan
OK to contact this employer? -

**RESPONSIBILITIES**
- Aerial sightseeing tour pilot
- FO for Navajo Chieftain flights to Rota and Guam

**FEDEX**                                                  **07/01/2015 - 08/01/2017**
Account Executive
San Diego CA
OK to contact this employer? -

**RESPONSIBILITIES**

**A-32**

• Account Management provided to executive officers of large manufacturing companies
• Presidents Club 2 years in a row (the highest award for sales performance)
• Ranked #2 in sales performance out of hundreds of executives in the company nationwide

## LICENSES & CERTIFICATIONS

No information available

## MEMBERSHIPS

No information available

## RESUME

 AMERIJET RESUME - 11 JULY 2022.PDF

## POSTING QUESTIONS AND RESPONSES

| QUESTION | KNOCKED OUT STATUS |
|---|---|

**Q1. How did you learn about the position?**
A1. Employee Refferal

**Q2. If referred by an employee of this company, what is the employee's name? Type "N/A" if not referred by an employee of this company.**
A2. Alejandro Acuna

**Q3. Are you currently employed?**
A3. No

**Q4. What is the name of your current or most recent employer?**

**A-33**

A4. Empire Airlines

**Q5. What is the reason for leaving your current or most recent employer?**

A5. My father was asking me for an international trip together for
over 4 years before he undergoes surgery to remove his lung

**Q6. What is the soonest date you would be able to start working with us?**

A6. 08/01/2022

**Q7. Do you have any relatives employed by this company?**

A7. No

**Q8. Have you ever been employed by this company?**

A8. No

**Q9. If you have worked with our company before, what was your last day of employment with us?**

A9. N/A

**Q13. Are you lawfully authorized to work in the United States?**

A13. Yes

**Q14. Will you now or in the future require sponsorship for employment visa status (e.g., H-1B visa status)?**

A14. No

**Q17. Do you hold an unrestricted FAA ATP certificate?**

A17. Yes

**Q18. If you have B-757/B-767 Type Rating, how many flight hours have you completed on this type of aircraft?**

A18. 0

**Q19. If you do not have experience flying B757/767 aircraft, what other aircraft have you flown?**

A19. 1300 hrs in C208B. A320 type rating.

## SELF-ATTESTATION

APPLICATION AGREEMENT

**A-34**

I hereby acknowledge that I have applied for employment, or am being considered for employment and authorize my perspective employer (the Company) or its agents to conduct a background check on me during my consideration for employment. I hereby release all parties providing information from all liability for any such employment disclosure. I also authorize the use of any information service which may have information concerning me, including all local, city, county, state and/or federal agencies. I understand that the final decision to offer me employment may be determined in whole or in part from such reports and information. I hereby authorize the Company to obtain any inquiries and reports now and at any time in the future which may be considered useful, relating to my consumer credit, driving history, motor vehicle records and any criminal history. All information obtained will be held in confidence by the Company.

I am aware that a valid driver's license may be a condition of employment. Certain types of criminal convictions also preclude new or continued employment. I hereby affirm that all statements and references given in connection with this application for employment are true, and if it is later discovered that I have made any false statement or omitted any pertinent information that my employment will be immediately terminated. I also hereby voluntarily consent to drug testing prior to or during my employment upon the Company's request. I also agree that refusal to submit to drug testing will result in my not being offered employment or in my termination, except as provided by law to the contrary.

I recognize and agree that this application is not a contract or offer of employment. I also recognize that and agree that if I am employed, the Company may terminate my employment without notice and/or cause at any time, and at their will. I also understand and agree that no representative of the Company has any authorization to enter into any agreement for any specified period of time, or to make any agreement contrary to the foregoing, unless it is in writing and signed by an authorized agent of the Company. I hereby certify that the facts contained on this application are true and complete to the best of my knowledge. I understand and agree that if I am employed, and it is determined that I have given false information on this application, I will be subject to immediate termination.

DRUG FREE WORKPLACE /E.E.O.E

**A-35**

**RYAN JASON PAUL**
07/16/2022

## SCREENING

**CONSENT -**
**SSN -**
**BIRTH DATE -**
**CURRENT STATUS -** Consent not available
**CANDIDATE REQUESTED A COPY OF THE REPORT(S) -**
**DRIVER'S LICENSE NUMBER -** Not on File
**DRIVER'S LICENSE STATE/PROVINCE -**

## INTERVIEWS AND EVALUATION

No information available

## APPLICATION STATUS HISTORY

| STATUS | CHANGED DATE | CHANGED BY |
|--------|--------------|------------|
| HIRED | 09/22/2022 | Maria Segatto |
| MAKE OFFER | 08/15/2022 | Maria Segatto |
| 3- MEETS BASELINE REQUIREMENTS | 08/02/2022 | Maria Segatto |
| KEEP ON FILE | 07/18/2022 | Carlton Hesler |
| NEW APPLICATION | 07/16/2022 | |

## NOTES

**A-36**

**CARLTON HESLER**

Needs MEL time

**RYAN PAUL**

In the past I interviewed with 10 Air National Guard squadrons. Each interview, I competed with hundreds of qualified pilots for 1 position. Yet despite those odds, I was awarded a job offer for 8 of the 10 interviews. I only had a Private pilot license and some instrument time when I applied. Yet despite having significantly less flight time than hundreds of other applicants, I still received a job offer 80% of the time. Why? The ANG chose me because they believed that I had all the right stuff to be a solid asset for their squadron -- not only as a pilot, but also as a professional leader who can learn to be a great pilot quickly. They believed that many factors constitute a well-rounded applicant. They believed flight time alone is not an indicator for success. They valued other qualities that can't be taught — such as work ethic, integrity, leadership, and interpersonal skills...and they also believed someone with a strong academic background can quickly learn to fly.

I mention this because it may directly apply to my application with AmeriJet. I may have less flying experience than other applicants, but I have what it takes to succeed at your airline not only as a pilot, but as a leader. I have a history of demonstrated work ethic, academic aptitude, interpersonal skills, professionalism, and an ability to adapt quickly to any environment. The United States Air Force believed these qualities set me above my peers. They believed: 1) that I possessed valuable intrinsic leadership qualities that can't be taught, and 2) that my academic history was proof that I can adapt quickly and learn to be a solid pilot in a very short timeframe. These 2 combined beliefs resulted in my selection as a Fighter Pilot when competing against hundreds of applicants who had thousands of more flight hours than me.

It is my hope that you will share the same opinion.

---

## COMMUNICATION HISTORY

**EMAIL ON** 08-15-2022 09:17:05 AM

**From: AMERIJETINTERNATIONAL.HR@ADP.COM**

**Subject: Offer Letter**

Please use the below link to access and respond to your offer letter.
https://1.adp.com/BhzTKY3DCKE

**EMAIL ON** 07-16-2022 02:50:23 PM

From: AMERIJETINTERNATIONAL.HR@ADP.COM

Subject: Thank you for your application with Amerijet International

Dear Ryan Paul,

Thank you for taking the time to submit your application for the 767 First Officer position. We are currently in the process of reviewing all employment applications for this position. If you are selected for an interview, The Talent Acquisition Team will invite you via phone or email to schedule an interview.

**Is your profile telling your story?**
A key part of our review process is to assess your Candidate Profile with job requirements. Please ensure your profile is accurate and extensive as it is our first step in getting to know you. You can build your profile by importing information from your resume or manually updating it.  To view your application updates, click My Applications.

We encourage you to visit our Career Center frequently and continue to look for opportunities that match your interests.

Thank you,

Talent Acquisition Team,
Amerijet International

---

## UPLOADED FILES

📄 AmeriJet - Cover Letter - July 2022.pdf

📄 Lee Crawford LOR - signed.pdf

📄 LOR - Eric Page.pdf

**A-38**

 LOR - Jeff Armstrong.pdf

 LOR - Tony Orozco ATP.pdf

 LOR - Steve Auclair.pdf

 Ryan Paul LOR - Carol.PDF

 Lt Col Wedan LOR.pdf

 A320 certificate.JPG



**AEROSTAR**
TRAINING SERVICES LLC

**Ryan Jason Paul**

**Has successfully completed**

**A320 Initial Type Rating**

Training as approved by the Federal Aviation Administration, and is therefore

Awarded this certificate in recognition of such an accomplishment.

11-21-21

**Date of Completion**

**Training Center Evaluator**

# IOP 14

**From:** Ricky Castillo <RCastillo@amerijet.com>
**Sent:** Tuesday, April 9, 2024 8:20:22 AM
**To:** Carlton Hesler <chesler@amerijet.com>
**Cc:** ~CS <CS@amerijet.com>; Lourdes Esterripa <lesterripa@amerijet.com>
**Subject:** Ryan Paul April 2 drug test calls

Good afternoon, Mr. Hesler, on April 2 we received from HR a request for Mr. Ryan Paul to make positive contact via phone to send him to do a Random drug test, the day before our manager Elvin Velazquez changed his R4 to R2 of 1600z that he has changed since April 1 at 1700z. Now on April 2 I started to call him at 1600z to get the positive contact for the random but he didn't answered after more than 3 times, then by 17:11z he sent us an email asking if we were trying to reach him.

Attached below are the trail emails he sent us. Then I reach out to you Mr. Hesler to see if you can get a hold of him still Mr. Ryan Paul didn't answered, then he finally call us and I passed the call on to you and I saw you giving the instructions over the phone to go do the random Drug test.

---------------------------------------------------------------------------------------------------------------------

Missed call

RP    Ryan Paul
      To  R  ~Crewscheduling
   (i) You forwarded this message on 4/8/2024 1:11 PM

← Reply    ↩ Reply All    → Forward    🖨    ⋯
Tue 4/2/2024 1:55 AM

CS,
Are you trying to reach me?

Respectfully,
Ryan Paul
904-568-8401
This e-mail and any files transmitted with it are Amerijet property, are confidential, and are intended solely for the use of the individual(s) or entity to whom this e-mail is addressed. If you are not an addressee or otherwise have reason to believe that you have received this message in error, please notify the sender and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited.

Re: Missed call

RP    Ryan Paul
      To  Crew Scheduling
      Cc  ☐  ~Crewscheduling
   (i) You forwarded this message on 4/8/2024 1:11 PM.

Any chance you can email me?

My signal is really weak right now. Plus I'm also under the weather at the moment with a bad sinus infection.

Your calls aren't ringing on my end. I simply get the missed notification.

So can you email me or leave a VM please?

Respectfully,
Ryan Paul
904-568-8401

> On Apr 2, 2024, at 21:57, Crew Scheduling <CrewSched@amerijet.com> wrote:
>
> Yes let me call you back in a few min.
>
>

Ricky Castillo
Amerijet Crew Scheduling
Ph# 786-961-4148
Email : rcastillo@amerijet.com

**From:** Elvin Velasquez
**Sent:** Monday, April 8, 2024 1:21:33 PM
**To:** Berthony Jean Pierre <bpierre@amerijet.com>; Alex Bell <abell@amerijet.com>; Carlton Hesler <chesler@amerijet.com>
**Subject:** FW: CONFIDENTIAL- Random Testing- Ryan Paul

Good afternoon,

Attached are the emails when scheduling attempted to contact the pilot. After 15 minutes and a 2nd attempt via a phone call was made with no positive contact, the CP was advised that FO Paul was not answering the phone call. After the CP called and left a voice mail, the pilot emailed scheduling asking if we were trying to contact him.

I later responded to the pilot advising him to contact scheduling as soon as possible, my emails are attached.

After the CP made positive contact with FO Paul, he advised me to let the schedulers know we can forward him the information HR provided for the pilot as shown below.


Regards,

**Elvin Velasquez**
Crew Scheduling Supervisor
Amerijet International Airlines
4500 N.W. 36th Street, Miami, FL 33166
Phone:  (305) 704-9650, Ext. 4803
Cell:  786-674-1388
Email: evelasquez@amerijet.com



-----Original Message-----
From: Elvin Velasquez <EVelasquez@amerijet.com>
Sent: Tuesday, April 2, 2024 12:05 PM
To: Ryan Paul <rpaul@amerijet.com>
Subject: RE: Missed call

Hi Ryan,

I'm sorry to hear you're not feeling well. There is no error with your schedule, we are trying to contact you for an assignment that requires positive confirmation over the phone.

Regarding your sick call, I'm not sure why it was accepted via email. We need confirmation of your sick call over the phone, which I will address with the scheduling team. The purpose of the call is not to assign a flight. Instead, you will end your assignment before your day off begins.

Please contact crew scheduling as soon as possible so they can provide you with proper information about the assignment.


-----Original Message-----
From: Ryan Paul <rpaul@amerijet.com>
Sent: Tuesday, April 2, 2024 11:49 AM
To: Elvin Velasquez <EVelasquez@amerijet.com>
Subject: Re: Missed call

Good morning Elvin,
Long time no talk. Hope you're well my friend.

I just wanted to make sure there's not an error with my schedule? I'm off tomorrow … so even if you traveled me out immediately, my rest period wouldn't even be over before my off day began. So that's why I was thinking maybe someone looked at my schedule incorrectly.

But anyway, if there is no mistake … and you do in fact need me for something … then yes, I need to call in sick please.

Are you sure about the phone call though? I had food poisoning in December and called in sick by email … with no problems.


Respectfully,
Ryan Paul
904-568-8401

> On Apr 2, 2024, at 22:11, Elvin Velasquez <EVelasquez@amerijet.com> wrote:
>
> Good morning Ryan,
>
> Please find a way to establish communication and reach out to crew scheduling at your earliest convenience. If you need to call in sick, please contact crew scheduling directly as sick calls are not taken over emails.
>
>
> Regards,
>
>
> Elvin Velasquez
> Manager of Crew Scheduling
>
> Amerijet International Airlines
> 4500 N.W. 36th Street, Miami, FL 33166
> Phone:  (305) 704-9650, Ext. 4803
> Cell:  786-674-1388
> Email: evelasquez@amerijet.com


> -----Original Message-----
> From: Ryan Paul <rpaul@amerijet.com>
> Sent: Tuesday, April 2, 2024 11:09 AM
> To: Crew Scheduling <CrewSched@amerijet.com>
> Cc: ~Crewscheduling <crewscheduling@amerijet.com>
> Subject: Re: Missed call
>
> I'm off tomorrow so I'm assuming there's no assignment for me.
>
> But if there is somehow a flight (and perhaps maybe I misinterpreted my schedule) … then I need to call in sick brother. I have a bad sinus infection.
>
> But surely there's no possible flight for me though when my day off is tomorrow, right?
>
>
> Respectfully,
> Ryan Paul
> 904-568-8401
>
>> On Apr 2, 2024, at 22:03, Ryan Paul <rpaul@amerijet.com> wrote:
>>
>> Any chance you can email me?
>>
>> My signal is really weak right now. Plus I'm also under the weather at the moment with a bad sinus infection.
>>

**A-45**

>> Your calls aren't ringing on my end. I simply get the missed notification.
>>
>> So can you email me or leave a VM please?
>>
>> Respectfully,
>> Ryan Paul
>> 904-568-8401
>>
>>>> On Apr 2, 2024, at 21:57, Crew Scheduling <CrewSched@amerijet.com> wrote:
>>>
>>> Yes let me call you back in a few min.
>>>
>>>
>>> Ricky Castillo
>>> Amerijet Crew Scheduling
>>> Ph# 786-961-4148
>>> Email : rcastillo@amerijet.com
>>>
>>> -----Original Message-----
>>> From: Ryan Paul <rpaul@amerijet.com>
>>> Sent: Tuesday, April 2, 2024 10:55 AM
>>> To: ~Crewscheduling <crewscheduling@amerijet.com>
>>> Subject: Missed call
>>>
>>> CS,
>>> Are you trying to reach me?
>>>
>>>
>>> Respectfully,
>>> Ryan Paul
>>> 904-568-8401

**Darlin Gonzalez**

**To:** Deborah De LlaTorre
**Subject:** RE: CONFIDENTIAL- Random Testing- Ryan Paul

**From:** Crew Scheduling <CrewSched@amerijet.com>
**Sent:** Tuesday, April 2, 2024 11:55 AM
**To:** Ryan Paul <rpaul@amerijet.com>
**Cc:** ~CS <CS@amerijet.com>; Carlton Hesler <chesler@amerijet.com>
**Subject:** FW: CONFIDENTIAL- Random Testing- Ryan Paul

FYI.

Ricky Castillo
Amerijet Crew Scheduling
Ph# 786-961-4148
Email : rcastillo@amerijet.com

**From:** Deborah DelaTorre <ddelatorre@amerijet.com>
**Sent:** Tuesday, April 2, 2024 10:43 AM
**To:** Crew Scheduling <CrewSched@amerijet.com>
**Cc:** Elvin Velasquez <EVelasquez@amerijet.com>
**Subject:** CONFIDENTIAL- Random Testing- Ryan Paul

Good morning Crew Scheduling,

Please activate crewmember Ryan Paul  upon starting his RSV period in SEA and notify him of his random test. Once notified, he must proceed immediately to the testing facility. Please provide him with the attached paperwork .

Any questions, please reach out to me at 786-970-5085 or through teams.

**\*\*Please acknowledge this email to let us know the time at which the pilot was notified for our records.\*\***

Best Regards,

**Deborah De La Torre**
Human Resources Specialist

Amerijet International Airlines
4500 N.W. 36th Street, Miami, FL 33166
Email: ddelatorre@amerijet.com



1
**A-47**

# IOP 21

4500 N.W. 36th Street, Miami FL 33166

April 9, 2024

Ryan Paul

Seattle, WA 98109

First Officer Paul,

Amerijet Internationals' Drug and Alcohol Policy regarding positives or refusals to submit strictly adhere to the regulations of the Federal Aviation Administration (FAA) & Department of Transportation (DOT) Regulation which state: should a safety-sensitive applicant or employee test positive or refuse to test for drugs and/or alcohol on a pre-employment, random, reasonable suspicion or post-accident test, they must be removed from or refused safety-sensitive duties.

On April 2nd, 2024, while according to your schedule you were on a reserve period in Seattle, you were notified via phone call to report for a random drug test by the Chief Pilot Edward Hesler. This phone notification was followed up with an email that contained the testing facility information and instructions for you to follow. You did not show to the testing facility to complete the random test and you informed Amerijet that you were out of the country for your own personal reasons. Therefore, Amerijet International is considering this a refusal to submit to testing when notified.

Furthermore, Amerijet International is required to notify the FAA of any instance in which a 14 CFR Part 61, 63, 65, and 67 certificate holder tests positive or refuses to submit.

In accordance with the FAA & DOT Regulations, the Pilot must be removed from any safety-sensitive duties until they comply with the following:

- You must be evaluated by a Department of Transportation (DOT) qualified Substance Abuse Professional (SAP)
- You must comply with all the recommendations given by the SAP.
- You must return for a follow-up evaluation and receive return–to-duty clearance from SAP.
- You must test negative on a return-to-duty drug and/or alcohol screen.

Until you have completed all the above Department of Transportation requirements, you are not eligible to perform safety-sensitive duties for **any employer**.

For this reason, effective immediately, your employment with Amerijet International is <u>terminated</u>.

**A-49**



4500 N.W. 36th Street, Miami FL 33166

In accordance with 49 CFR Part 40.287 Subpart O, AVI FCAH Aerospace utilizes the services of SAP Referral Services to provide individuals testing positive or refusing to submit a list of Substance Abuse Professionals (SAP) to include names, addresses and telephone numbers.

Should you have any questions regarding this regulation or to obtain a list of names addresses and phone numbers of SAPs in your area, contact our respective service agent:

1-888-720-SAPS (7277)

We trust that upon receiving this information you govern yourself properly.

Sincerely,

Edward Hesler

Edward Hesler
Chief Pilot
Amerijet International



US POSTAGE
FIRST-CLASS
2003371385
ZIP 33165

with PitneyShip™

or on the front if space permits.

1. Article Addressed to:

RYAN PAUL

Seattle WA. 98109

9590 9402 8507 3186 5729 81

2. Article Number (Transfer from service label)

7020 0090 0000 1884 3169

PS Form 3811, July 2020 PSN 7530-02-000-9053

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

7020 0090 0000 1884 3169

Ryan Paul
Seattle WA. 98109

4500 NW 36 ST
Miami, FL. 33166

**A-51**

# IOP 22

| | |
|---|---|
| **From:** | Michael Dworkin |
| **To:** | 9-AWA-AVS-AAM-830 (FAA) |
| **Cc:** | ryan.paul |
| **Subject:** | Ryan J. Paul--Your File No. 2024WA910284 |
| **Date:** | Tuesday, April 16, 2024 1:23:22 PM |

> **CAUTION:** This email originated from outside of the Federal Aviation Administration (FAA). Do not click on links or open attachments unless you recognize the sender and know the content is safe.

ATTN:  Mr. Reginald L. Barnes

Dear Mr. Barnes:

This office represents Mr. Ryan J. Paul.  Mr. Paul has been out of the country for the past month and only received your letter of investigation (LOI) earlier today, when it was retrieved by someone at his Seattle address and electronically forwarded to him.

As such, this email constitutes an interim response to your LOI.

A substantive response will be forthcoming within the next week to 10 days.

In the interim, should you wish to discuss, please give me a call.

With best regards,

Michael L. Dworkin

--
Michael L. Dworkin
Managing Partner
AVIALEX LAW GROUP, LLP
177 Bovet Road
Suite 600
San Mateo, CA 94402
Phone:  415-421-2500
FAX:  415-421-2560
Cell:  415-609-6070
www.avialex.com

The information contained in this email communication, and any file(s) attached to it, is confidential and may contain attorney/client-privileged information or work product. If the reader of this email is not the intended recipient (or the authorized agent responsible for delivering this email to the intended recipient), you have received this in error, and any review, dissemination, distribution or other use of this email is strictly prohibited. If you have received this email in error, please notify the sender by reply email and delete all copies of this email from your system. Thank you.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any transaction or

**Avialex** ®

AVIALEX LAW GROUP, LLP

April 19, 2024

<u>*Via Email:*</u>

Mr. Reginald L. Barnes
Investigator, Special Investigations Branch
Federal Aviation Administration
Drug Abatement Division
800 Independence Avenue, SW
Washington, DC 20591
Email: <u>*aam830@faa.gov*</u>

Re:     **Ryan J. Paul**
        **Your File No. 2024WA910284**

Dear Mr. Barnes:

  This is in response to your letter of investigation (LOI) addressed to my client, Mr. Ryan J. Paul, dated April 5, 2024, and a follow-up to my interim response of April 16, 2024.

  By way of a background, Mr. Paul has been professionally flying for the past 6 ½ years. He has had numerous drug and alcohol tests in his career and has never had any difficulties. Prior to embarking on his aviation career, he was a professional athlete in three sports. Aside from his commercial aviation activities, he is a volunteer for the Civil Air Patrol and the Humane Society. He is also an avid outdoorsman.

  Addressing the allegations contained in your LOI, Mr. Paul did not refuse to submit to a DOT/FAA random drug test. We request that you consider the following pertinent facts:

1. Mr. Paul was out of the country at the time. As the attached excerpts from his U.S. Passport clearly indicate, he arrived in Vietnam on March 20, 2024 and did not depart until April 8, 2024 (Attachment A). He was there on a personal vacation and was scheduled to fly back to Seattle on March 30, 2024;

2. While he was in Vietnam, he developed a severe sinus infection, with high fever and intense ear pressure. Although he was taking antibiotics, medical providers (including an FAA Aviation Medical Examiner) had advised that he not fly because of

Mr. Reginald Barnes, FAA
Re:  Ryan J. Paul, File No. 2024WA910284
April 19, 2024
Page 2 of 3

the risk of rupturing an ear drum.  As such, he felt that he had no choice but to remain in Vietnam and not fly home on March 30, 2024, as he had originally planned;

3.  On March 31-April 2, 2024, his employer, AmeriJet International, had placed him on an "R-4 Long Call Home Reserve", which requires that a pilot be able to return a contact from the Company within 60 minutes and report for duty 12 hours after being informed of an assignment.  Mr. Paul had not been contacted and received no assignments for March 31 or April 1, 2024.  However, on April 1 (April 2 in Vietnam), Mr. Paul was advised that his reserve status had been changed to "R-2 Hotel Reserve", effective noon (EDT), April 2, 2024,  requiring that contact be returned within 15 minutes and a report for duty within 90 minutes thereafter;

4.  As Mr. Paul had a scheduled day off on April 3, 2024 and was scheduled for vacation for the following few weeks, and given the durations of AmeriJet's flights, AmeriJet's changing of his reserve status to R-2 did not make sense--had he been selected for a flight during the afternoon or evening of April 2, 2024, he would not have been able to accept it due to his April time-off schedule.  Moreover, any assignment would likely have been in violation of AmeriJet's collective bargaining agreement with the Airline Pilots Association;

5.  Prior to the effective time of the R-2 reserve, Mr. Paul contacted the Company's crew scheduler via email to advise that he was sick. The crew scheduler responded via email that the Company wanted him to telephone in and advise of same.  When Mr. Paul made the call to crew scheduling to call in sick as instructed, he was not given the opportunity to speak.  Before he even had a chance to advise that he was calling in sick, he was immediately informed that he was assigned to take a drug test.  AmeriJet then emailed him the drug test paperwork, but, again, this was after he had already called in sick.  As Mr. Paul was ill and in Vietnam, traveling to Seattle to take the random drug test within the prescribed time limits was not possible; and

6.  In subsequent communications with AmeriJet, Mr. Paul reiterated that he was ill.  He further advised that he was overseas and could not travel due to illness.  Had the Company instructed him to report to a testing facility in Hanoi, Mr. Paul would have gone without hesitation, despite his being ill, calling in sick and not being on duty.

In view of the foregoing, it is our position that:

1.  Mr. Paul was not on duty on April 2, 2024;

2.  Mr. Paul was not available to perform a safety sensitive function on April 2, 2024;

3.  Mr. Paul was unable to report for the test as he was unavailable, out of the country and ill; and

Mr. Reginald Barnes, FAA
Re:  Ryan J. Paul, File No. 2024WA910284
April 19, 2024
Page 3 of 3

4.  AmeriJet's scheduling of the random test for April 2, 2024, in view of the fact that Mr. Paul had already called in sick and unavailable was improper.

Should you wish to discuss, or should you wish to have Mr. Paul execute a sworn declaration or affidavit as to the foregoing facts, please contact me at once.

Very truly yours,

Michael L. Dworkin
Managing Partner

Attachment

cc:  Mr. Ryan Paul

## My passport and Vietnam Visa



*Attachment A. p 1*



Attachment A. p.2

# IOP 24

| | |
|---|---|
| **From:** | Ryan P |
| **To:** | 9-AWA-AVS-AAM-830 (FAA) |
| **Subject:** | Re: Ryan J. Paul -- Your File No. 2024WA910284 |
| **Date:** | Monday, June 3, 2024 9:35:35 PM |
| **Attachments:** | FAA Appeal letter - 3 June 2024.pdf |
| | Vietnam passport stamps - PDF.pdf |
| | 2 sick notification emails to AJT Dispatch before duty.pdf |
| | Past sick call accepted via email by AJT Dispatch.pdf |

---

CAUTION: This email originated from outside of the Federal Aviation Administration (FAA). Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Dear Mr. Barnes,
I would like to bring your attention please to the attached documents regarding file # 2024WA910284.

Please feel free to reach out to me directly with any questions or concerns.

Respectfully,
Ryan Paul
904-███████
License # 3949120

**A-60**

Reginald L. Barnes
Aviation Safety
Investigator, Special Investigations Branch Drug Abatement Division

Dear Mr. Barnes                    RE: File Number: 2024WA910284

I would like to provide the following details on my alleged violation on whether Amerijet
International acted properly in reporting that I refused a DOT/FAA drug test on April 2, 2024.

I was in Hanoi, Vietnam, from March 20 to April 8,2024, copies of my stamped passport
attached. I had planned to fly back to Seattle on March 30th, 2024 but was prevented from doing
so due to a severe sinus infection . On April 2, 2024, I was off duty and not scheduled to be in an
on-call status until 1200 EST. Due to my knowledge of the company's practices and crew duty
rest requirements, I believed that I would not be given an assignment on April 2, 2024. I was not
aware that I could be called in for a drug test when not in a duty status.

I emailed Amerijet International dispatch to inform that I had a sinus infection and not able to fly
on April 2, 2024 at 1103 EST with a follow-up email at 1109, copies of screenshots attached. I
was instructed that I had to verbally call in to be excused. At 1151, I called in and was
immediately transferred to Chief Pilot, Ed Hesler. Mr. Hesler was either unaware that I had
called in sick already or didn't want to address the issue. He then told me that I had to complete
a DOT/FAA random drug test within the hour. I did acknowledge the requirement. At a loss, I
called my union representative and then called Mr. Hesler back and informed him that I was in
Vietnam and could not comply. This last call was made after 1200 EST.

Further correspondence with Amerijet International was with the Director of Flight Operations,
Alex Bell, who was responding for the DER who was unavailable due to illness.  Mr. Bell cited
the Collective Bargaining Agreement (CBA) between Amerijet International and The Airline
Pilots represented by the Airline Pilots Association (ALPA) which did stipulate those requests to
be excused from duty needed to be by telephone. I have a long-standing history of sinus
infections and have previously been excused from duty via an email request, screenshots
attached. I believe that this demonstrates inconsistent application of policy and selective
enforcement.

With full disclosure, I have had a series of personnel issues with Amerijet International. None of
these issues are related to drug testing or my actual duties as a pilot. I believe that Amerijet
International's actions are disingenuous in their attempts to terminate me as an employee by their
handling of this issue. If they had wanted to take punitive action to include termination for my
not being available for duty or for not calling-in in a timely manner, it would have been a major
HR struggle with me and my union. But, it would not have effected my status as a licensed
aviator.

I would like to see that Amerijet International's report of my refusing a drug test be withdrawn. Please contact me if you require further information.  Thank you.

Sincerely,

Ryan Paul
(904) ████████
License # 3949120

## Vietnam Passport Stamps

<u>March 20th</u> - Vietnam arrival date
<u>April 2nd</u> - DOT test date
<u>April 18th</u> - Vietnam exit date



## 1st sick notification to Dispatch - 11:03am Miami time / 22:03 Hanoi time



On Apr 2, 2024, at 22:03, Ryan Paul <rpaul@amerijet.com> wrote:

Any chance you can email me?

My signal is really weak right now. Plus I'm also under the weather at the moment with a bad sinus infection.

**11:03 am EST** - 1st sick notification sent 57 mins before duty started.
12:00 pm EST - duty start time.

## 2nd sick notification to Dispatch - 11:09am Miami time / 22:09 Hanoi time



-----Original Message-----
From: Ryan Paul <rpaul@amerijet.com>
Sent: Tuesday, April 2, 2024 11:09 AM
To: Crew Scheduling <CrewSched@amerijet.com>
Cc: ~Crewscheduling <crewscheduling@amerijet.com>
Subject: Re: Missed call

I'm off tomorrow so I'm assuming there's no assignment for me.

But if there is somehow a flight (and perhaps maybe I misinterpreted my schedule) ... then I need to call in sick brother. I have a bad sinus infection.

11:03 am EST - 1st sick notification sent 57 mins before duty started.
**11:09 am EST - 2nd sick notification sent 51 mins before duty started.**
12:00 pm EST - duty start time.

## **Example of a past Dec 2023 sick call accepted via email by AJT Scheduling:**

Begin forwarded message:

**From:** Ryan Paul <rpaul@amerijet.com>
**Date:** December 18, 2023 at 8:15:12 PM AKST
**To:** Crew Scheduling <CrewSched@amerijet.com>
**Cc:** Kabir Leon <kleon@amerijet.com>
**Subject: Re: Sick call**

CS,
I still haven't fully recovered from my stomach illness. I need to call in sick for my flight tonight out of Shenyang please.

Kabir is copied in. He said he can cover the flight for me.

Respectfully,
Ryan Paul
904-568-8401

On Dec 18, 2023, at 11:32, Crew Scheduling <CrewSched@amerijet.com> wrote:

Understood, just give us a heads up if you will be calling out for the reserve.

Best Regards,

Robert Burgos I Crew Scheduler
Amerijet International Airlines
4500 NW 36th ST, POD-A
Miami, FL 33166
Direct Line: (305) 704-9650
crewscheduling@amerijet.com



U.S. Department
of Transportation
**Federal Aviation
Administration**

Aviation Safety

Drug Abatement Division
Special Investigations Branch
aam830@faa.gov

August 27, 2024

**Via FedEx**

File Number:  2024WA910284

Ryan J. Paul

Seattle, WA  98109-6022

Dear Mr. Paul:

We have concluded our investigation into your refusal to submit to a Department of
Transportation (DOT)/Federal Aviation Administration (FAA) random drug test directed
by Amerijet International, Inc. on April 2, 2024.

This correspondence is to inform you that we are not taking any legal enforcement
action against you in connection with your refusal to submit to testing but have referred
this matter to the FAA's Office of Aerospace Medicine.

In accordance with 49 CFR § 40.285, an individual who refuses to submit to any DOT
test cannot perform any DOT safety-sensitive duties for any employer until the individual
has completed the Substance Abuse Professional (SAP) evaluation, referral, and
education/treatment process, as required by 14 CFR Part 120 and 49 CFR Part 40,
Subpart O.

Please contact me at (202) 267-8369 with any questions about this correspondence.

Sincerely,

LACEY N JONES Digitally signed by LACEY N JONES
Date: 2024.08.27 11:39:19 -04'00'

Lacey N. Jones
Aviation Safety
Manager, Special Investigations Branch
Drug Abatement Division

Enclosure:  Privacy Act Notice

www.faa.gov/go/drugabatement

**From:** Spanja, Stephanie, Legal
**Sent:** Wednesday, October 23, 2024 2:57 PM
**To:** aam830@faa.gov
**Cc:** Bird, Antonia, Legal
**Subject:** Attn: Ms. Lacey N. Jones - Re: File No. 2024WA9210284
**Attachments:** Letter_Spanja to Jones_23Oct2024.pdf

Good afternoon, Ms. Jones,

I am a Senior Attorney for the Air Line Pilots Association, International and I am writing on behalf of former Amerijet pilot Ryan Paul in connection with File No. 2024WA9210284. The attached correspondence pertains to the FAA's determination that Mr. Paul had "refused" a random drug test and sets forth our request that the FAA reconsider this determination.

If you have any questions, please feel free to contact me.

Thank you,

Stephanie



**Stephanie Spanja**
Sr. Attorney, Legal Department
Air Line Pilots Association, International
7950 Jones Branch Drive, Suite 400S
McLean, VA 22102
Phone:  (703) 481-2475
Stephanie_Spanja@alpa.org

The information contained in this transmission, including any attachments, are intended for the exclusive use of the addresse this message and any attachments.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney-c

**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL**
7950 Jones Branch Drive, Suite 400S | McLean, VA 22102 | 703-689-2270 | 888-FLY-ALPA

THE WORLD'S LARGEST PILOTS UNION  |  WWW.ALPA.ORG

October 23, 2024

**Via FedEx and E-mail**

Ms. Lacey N. Jones
Manager, Special Investigations Branch
Drug Abatement Division
Federal Aviation Administration
800 Independence Avenue, SW
Washington, DC 20591
aam830@faa.gov

        Re:    Ryan J. Paul
               File Number 2024WA9210284

Dear Ms. Jones:

I am a Senior Attorney for the Air Line Pilots Association, International ("ALPA"), which represents over 78,000 pilots at 41 U.S. and Canadian airlines, including Miami-based Amerijet International, Inc. I am writing in regard to your letter dated August 27, 2024 to former Amerijet pilot Ryan Paul (attached to this letter as Exhibit A). In your letter, you advised Mr. Paul that the FAA would not be taking any legal enforcement action against him in connection with his "refusal to submit to a Department of Transportation (DOT)/Federal Aviation Administration (FAA) random drug test directed by Amerijet International, Inc. on April 2, 2024."

We respectfully submit that the conclusion that Mr. Paul "refused" to appear for a DOT/FAA random drug test was in error and strongly urge the FAA to reconsider this determination. This finding was apparently based upon Amerijet's representation that it directed Mr. Paul to submit to a DOT/FAA random drug test on April 2, 2024 and that he failed to appear for that test. However, the clear documentary evidence (attached to this letter as Exhibit B) demonstrates that **before he was scheduled to report for duty** at 12:00 p.m. (EDT) on April 2, **Mr. Paul twice notified Amerijet by email** at 11:03 a.m. (EDT) and 11:09 a.m. (EDT), respectively, **that he was sick and unable to report for duty.** (Please note that, because Mr. Paul was in Hanoi, Vietnam at that time, the timestamp for the 11:03 a.m. email reads as 22:03, which is GMT +7).

Mr. Paul notified Amerijet of his medical inability to report for duty per prior practice – via email as he had previously done. Unbeknownst to Mr. Paul, the method of sick notification at the airline had changed to telephonic. When after receipt of Mr. Paul's sick leave notice Amerijet crew scheduling directed him in an email sent at 11:11 a.m. (EDT) to make a sick notification by phone, Mr. Paul complied, and only then, in an 11:51 a.m. (EDT) phone call with then-Chief Pilot Ed Hesler, learned that he had been selected for a random drug test (Mr. Paul's cell phone call log is

**A-68**

Ms. Lacey N. Jones
October 23, 2024
Page 2

attached as Exhibit C. Please note that because Mr. Paul was in Seattle when he took the screenshot, the time is reflected as 8:51 Pacific time.)

It was improper for Amerjet to require Mr. Paul to report for a random drug test after he had already notified it that he was sick, regardless of whether that notification method was compliant with internal Company procedures. He gave Amerjet written notice of his medical inability to fly that day, and Amerjet timely received such notice. When Mr. Paul notified Amerjet that he was sick and consequently unable to report for his scheduled duty, Amerjet should have canceled the test. The evidence clearly establishes that Mr. Paul had no intent or ability to report for duty that day and committed no rule violation under the DOT/FAA testing regulations.

Nothing in the documentary evidence in any way suggests that Mr. Paul sought to avoid appearing for a random drug test. Since Mr. Paul fell ill in Hanoi, Vietnam, it would have been physically impossible for him to have appeared for a random drug test. (Mr. Paul's passport stamps indicating that he was in Vietnam are attached as Exhibit D). Moreover, since Mr. Paul had no intention or ability to report to his Seattle, Washington base to fly that day, he posed no risks whatsoever to flight safety. To treat Mr. Paul as a rule violator under these circumstances is wholly inconsistent with the language and intent of the regulations. The FAA designation of him as having "refused" a DOT-required test has unjustified, significant, and lifetime adverse consequences.

We would appreciate careful reconsideration of this matter. To preserve Mr. Paul's rights, it will be necessary to file a Petition for Review of the August 27, 2024 letter by October 28, 2024. If, however, the August 27, 2024 letter is not a final agency action, please promptly advise. Regardless, we would welcome the opportunity to further engage on this matter.

We hope this can be resolved fairly and expeditiously.

Sincerely,

Stephanie Spanja
Sr. Attorney, Legal Department

cc:     Antonia Bird, ALPA Legal Department
        Ryan Paul

**A-69**

**Exhibit A**



U.S. Department
of Transportation

**Federal Aviation
Administration**

Aviation Safety

Drug Abatement Division
Special Investigations Branch
aam830@faa.gov

August 27, 2024

**Via FedEx**

File Number: 2024WA910284

Ryan J. Paul
████████████████
Seattle, WA 98109-6022

Dear Mr. Paul:

We have concluded our investigation into your refusal to submit to a Department of Transportation (DOT)/Federal Aviation Administration (FAA) random drug test directed by Amerijet International, Inc. on April 2, 2024.

This correspondence is to inform you that we are not taking any legal enforcement action against you in connection with your refusal to submit to testing but have referred this matter to the FAA's Office of Aerospace Medicine.

In accordance with 49 CFR § 40.285, an individual who refuses to submit to any DOT test cannot perform any DOT safety-sensitive duties for any employer until the individual has completed the Substance Abuse Professional (SAP) evaluation, referral, and education/treatment process, as required by 14 CFR Part 120 and 49 CFR Part 40, Subpart O.

Please contact me at (202) 267-8369 with any questions about this correspondence.

Sincerely,

LACEY N JONES  Digitally signed by LACEY N JONES
Date: 2024.08.27 11:39:19 -04'00'

Lacey N. Jones
Aviation Safety
Manager, Special Investigations Branch
Drug Abatement Division

Enclosure: Privacy Act Notice

www.faa.gov/go/drugabatement

**Exhibit B**



**Exhibit C**



Begin forwarded message:

**From:** Ryan Paul <rpaul@amerijet.com>
**Date:** April 2, 2024 at 22:48:42 GMT+7
**To:** Elvin Velasquez <EVelasquez@amerijet.com>
**Subject: Re: Missed call**

Good morning Elvin,
Long time no talk. Hope you're well my friend.

I just wanted to make sure there's not an error with my schedule? I'm off tomorrow ... so even if you traveled me out immediately, my rest period wouldn't even be over before my off day began. So that's why I was thinking maybe someone looked at my schedule incorrectly.

But anyway, if there is no mistake ... and you do in fact need me for something ... then yes, I need to call in sick please.

Are you sure about the phone call though? I had food poisoning in December and called in sick by email ... with no problems.

Respectfully,
Ryan Paul
904-568-8401

> On Apr 2, 2024, at 22:11, Elvin Velasquez <EVelasquez@amerijet.com> wrote:
>
> Good morning Ryan,
>
> Please find a way to establish communication and reach out to crew scheduling at your earliest convenience. If you need to call in sick, please contact crew scheduling directly as sick calls are not taken over emails.
>
>
> Regards,
>
>
> Elvin Velasquez
>
> Manager of Crew Scheduling
>
> Amerijet International Airlines
>
> 4500 N.W. 36th Street, Miami, FL 33166
>
> Phone:  (305) 704-9650, Ext. 4803
>
> Cell:  786-674-1388
>
> Email: evelasquez@amerijet.com
>
>
>
>
>
> -----Original Message-----
> From: Ryan Paul <rpaul@amerijet.com>
> Sent: Tuesday, April 2, 2024 11:09 AM
> To: Crew Scheduling <CrewSched@amerijet.com>
> Cc: ~Crewscheduling <crewscheduling@amerijet.com>
> Subject: Re: Missed call
>
> I'm off tomorrow so I'm assuming there's no assignment for me.
>
> But if there is somehow a flight (and perhaps maybe I misinterpreted my schedule) ... then I need to call in sick brother. I have a bad sinus infection.
>
> But surely there's no possible flight for me though when my day off is tomorrow, right?

**A-72**

Respectfully,

Ryan Paul

904-568-8401

On Apr 2, 2024, at 22:03, Ryan Paul <rpaul@amerijet.com> wrote:

Any chance you can email me?

My signal is really weak right now. Plus I'm also under the weather at the moment with a bad sinus infection.

Your calls aren't ringing on my end. I simply get the missed notification.

So can you email me or leave a VM please?

Respectfully,

Ryan Paul

904-568-8401

On Apr 2, 2024, at 21:57, Crew Scheduling <CrewSched@amerijet.com> wrote:

Yes let me call you back in a few min.

Ricky Castillo

Amerijet Crew Scheduling

Ph# 786-961-4148

Email : rcastillo@amerijet.com

-----Original Message-----

From: Ryan Paul <rpaul@amerijet.com>

Sent: Tuesday, April 2, 2024 10:55 AM

To: ~Crewscheduling <crewscheduling@amerijet.com>

Subject: Missed call

CS,

Are you trying to reach me?

Respectfully,

Ryan Paul

904-568-8401

This e-mail and any files transmitted with it are Amerijet property, are confidential, and are intended solely for the use of the individual(s) or entity to whom this e-mail is addressed. If you are not an addressee or otherwise have reason to believe that you have received this message in error, please notify the sender and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited.

**A-73**

**EXHIBIT D**





**From:** 9-AWA-AVS-AAM-830 (FAA) <aam830@faa.gov>
**Sent:** Thursday, October 24, 2024 2:48 PM
**To:** Spanja, Stephanie, Legal
**Subject:** RE: Attn: Ms. Lacey N. Jones - Re: File No. 2024WA9210284

Good afternoon Ms. Spanja,

Thank you for your letter dated October 23, 2024 regarding Ryan Paul.

As previously explained to Mr. Paul, in accordance with 49 CFR 40.355(i), refusal determinations are made by the employer. The FAA did not make a refusal determination regarding Mr. Paul's drug test. Our letter to Mr. Paul simply informed him that the FAA is not pursuing legal enforcement action regarding this matter and noted the return-to-duty requirements in 49 CFR 40.285 for individuals who have refused to submit to DOT testing.

I hope this helps to clarify the matter.

Kind regards,
Lacey N. Jones


Lacey N. Jones
Aviation Safety
Manager, Special Investigations Branch
Federal Aviation Administration
Drug Abatement Division
Tel: (202) 267-8369
Fax: (202) 267-5200

Please Note: This message is intended only for the use of the individuals to which it is addressed and may contain certain information that is confidential or sensitive in nature. Unless prior approval was given, further dissemination of the information is not authorized. If you have any questions, please contact me.

The contents of this email may be confidential in nature and protected under Title 5 U.S.C. § 552a (The Privacy Act of 1974, as amended). If you have received this in error, please do not disseminate or divulge any of its content. You are asked to forward it to the person for whom it was intended, or destroy it, and notify the sender at the phone number listed in the signature field.

**From:** Spanja, Stephanie, Legal <Stephanie.Spanja@alpa.org>
**Sent:** Wednesday, October 23, 2024 2:57 PM
**To:** 9-AWA-AVS-AAM-830 (FAA) <aam830@faa.gov>
**Cc:** Bird, Antonia, Legal <Antonia.Bird@alpa.org>
**Subject:** Attn: Ms. Lacey N. Jones - Re: File No. 2024WA9210284

**CAUTION:** This email originated from outside of the Federal Aviation Administration (FAA). Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon, Ms. Jones,

I am a Senior Attorney for the Air Line Pilots Association, International and I am writing on behalf of former Amerijet pilot Ryan Paul in connection with File No. 2024WA9210284. The attached correspondence pertains to the FAA's

determination that Mr. Paul had "refused" a random drug test and sets forth our request that the FAA reconsider this determination.

If you have any questions, please feel free to contact me.

Thank you,

Stephanie



**Stephanie Spanja**
Sr. Attorney, Legal Department
Air Line Pilots Association, International
7950 Jones Branch Drive, Suite 400S
McLean, VA 22102
Phone:  (703) 481-2475
Stephanie.Spanja@alpa.org

The information contained in this transmission, including any attachments, are intended for the exclusive use of the addresse this message and any attachments.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney-c